IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-30205

EDUCATION MANAGEMENT, INC.

Plaintiff - Appellant

v.

SCOTTSDALE INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:06-cv-05846-HGB-DEK)

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In December 2002, Plaintiff-Appellant Education Management, Inc. ("EMI") was sued by numerous individuals in Mississippi state court for emotional and psychological harm assertedly incurred in EMI's "re-birthing" workshops. Defendant-Appellee Scottsdale Insurance Company ("Scottsdale"), which provided Commercial General Liability Insurance to EMI, defended EMI in this suit under a reservation of rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In April 2004, Scottsdale filed suit in the Eastern District of Louisiana seeking a declaratory judgment that its Policy No. CLS705445, which covered EMI for the period from August 26, 2000 to August 26, 2001, did not require it to defend and indemnify EMI against the state claims. EMI responded with a counterclaim that this policy did cover the state claims against it.[1]

In September 2006, EMI filed the instant suit, claiming that its Policy No. CLS626016, which covered EMI for the period from August 26, 1999 to August 26, 2000, entitled it to defense and indemnification from Scottsdale for the state claims, and that Scottsdale had violated various insurance laws by refusing coverage. Scottsdale filed a motion for summary judgment, which the district court granted on the basis that EMI's claims under Policy No. CLS626016 should have been raised as compulsory counterclaims in Scottsdale's earlier declaratory judgment action. EMI timely filed a notice for appeal.

We are convinced that the district court correctly barred EMI from bringing its claims under Policy No. CLS626016. Pursuant to Federal Rule of Civil Procedure 13, EMI must have raised its claims under Policy No. CLS626016 as compulsory counterclaims in Scottsdale's 2004 declaratory judgment action as they "arise[] out of the transaction or occurrence that [was] the subject matter"[2] of that suit, viz., incidents occurring at EMI's "re-birthing" classes. Although several of the state court plaintiffs were injured during the period covered by Policy No. CLS626016, EMI did not assert claims for coverage under this policy in the counterclaim it filed in response to Scottsdale's 2004 declaratory judgment action. Neither did EMI submit a supplemental memorandum therein as to whether Policy No. CLS705445 was a renewal of Policy No. CLS626016 when the district court requested briefing on this issue.

---

[1] Scottsdale and EMI have reached a settlement on Scottsdale's declaratory judgment action and the district court has dismissed that case.

[2] Fed. R. Civ. P. 13(a).

As EMI's claims under Policy No. CLS626016 arose out of the same transaction or occurrence as those addressed in the earlier suit, such claims are compulsory counterclaims. EMI thus waived these compulsory counterclaims when it failed to assert them in Scottsdale's 2004 lawsuit. As such, EMI's claims are deemed to have been adjudicated in a prior final judgment and are therefore barred by res judicata. The judgment of the district court is AFFIRMED.